JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Acting Chief, Criminal Division

THOMAS L. FLATTERY (CSBN 186856)
Special Assistant United States Attorney

150 Almaden Blvd., Suite 900,
San Jose, CA 95113
Telephone: (408) 535-5596
Fax: (408) 535-5066
Email: thomas.l.flattery@usdoj.gov

Attorneys for Plaintiff

**FILED**

SEP 1 5 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> SPONSORS FOR AMERICAN EDUCATIONAL INSTITUTES, INC. <br><br> Defendant. | No. CR 08-00446 JW <br><br> STIPULATION AND [PROPOSED] PRELIMINARY ORDER OF FORFEITURE |

The United States of America, by and through Special Assistant United States Attorney Thomas L. Flattery, and defendant Sponsors for American Educational Institutes, Inc. (hereinafter "SAEI"), by and through its counsel Robert J. Mulnern, hereby stipulate and agree to the following:

1. On July 9, 2008, the United States filed an Information charging defendant SAEI with violations of Title 18, United States Code, Section 1960 – Operating an Unlicensed money Transmitting Business. The Information also sought criminal forfeiture of $152,460.15 United States Currency seized from Wells Fargo Bank account ending "4949" on October 17, 2005 (hereinafter "subject funds"), which constitutes property involved in the violation of Title 18, United States Code, Section 1960, pursuant to Title 18, United States Code, Section 982.

2. On September 15, 2008, defendant SAEI pled guilty to the sole count in the Information, and consented to the forfeiture allegation.

3. As set forth in Paragraph 11 of the plea agreement, defendant SAEI agreed to forfeit to the United States $152,460.15, which represents the amount of proceeds defendant SAEI involved in a transaction or attempted transaction, in violation of Title 18, United States Code, Section 1960.

4. Defendant SAEI consents to the forfeiture (administrative or judicial) of the subject funds. Defendant further relinquishes any and all right, title and interest Defendant may have in subject funds and agrees that such right, title and interest shall be forfeited to the United States without further notice. Defendant agrees to withdraw its claim to the subject funds and further agrees to cooperate with the government to allow the funds to be forfeited. Accordingly, as a result of the conviction of the offense set forth above, and pursuant to Rule 32.2(b) of the Federal Rule of Criminal Procedures and Title 18, United States Code, Section 982(a)(6)(A), the parties stipulate that the Court should enter a Proposed Preliminary Order of Forfeiture for the subject funds.

6. Upon the issuance of a Preliminary Order of Forfeiture and pursuant to Title 21, United States Code, Section 853(n), and Rule G(4)(a)(iv) of the Supplemental Rules for admiralty or Maritime Claims and Asset Forfeiture Actions, the United States will publish on www.forfeiture.gov, a government website for at least thirty days, notice of this Order, notice of its intent to dispose of the property in such manner as the Attorney General may direct and notice that any person, other than the defendant, having or claiming a legal interest in the property must file a petition with the Court and serve a copy on Thomas L. Flattery, Special Assistant United States Attorney, 150 Almaden Blvd., Suite 900, San Jose, CA 95113, within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought. The United States may

1 | also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

7. Pursuant to Rule 32.2(b)(3), the parties agree that this Order of Forfeiture is final as to defendant SAEI and shall be made part of the sentence and included in the judgment.

8. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary pursuant to Federal Rules of Criminal Procedure, Section 32.2(e).

Dated: 9-15-08

THOMAS L. FLATTERY
Special Assistant United States Attorney

Dated: 9-15-08

DARIUSH GILANI
President
On behalf of SAEI, Inc.
Defendant

Dated: 9-15-08

ROBERT J. MULNERN
Attorney for Defendant

[PROPOSED] PRELIMINARY ORDER OF FORFEITURE

Based on the above stipulation and good cause appearing therefore, IT IS HEREBY ORDERED THAT:

1. Defendant SAEI's claim to $152,460.15 seized from Wells Fargo account (ending in 4949), in Civil Action No. 06-4749 JSW, filed on November 24, 2006 is hereby withdrawn.

2. Pursuant to Federal Rule of Criminal Procedure 32.2(b) and Title 18, United States Code, Section 982, defendant SAEI's interest in $152,460.15 seized from Wells Fargo account (ending in 4949), in Civil Action No. 06-4749 JSW, is hereby condemned and forfeited to the United States.

///

STIPULATION AND [PROPOSED] PRELIMINARY ORDER OF FORFEITURE
CR 08-00446 JW

3

3. The United States shall publish on a government website for at least thirty days, notice of this Order, notice of the government's intent to dispose of the property in such manner as the Attorney General may direct and provide notice that any person, other than the defendant, having or claiming a legal interest in the subject property must file a petition with the Court and serve a copy on government counsel within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

4. Pursuant to Rule 32.2(b)(3), this Order of Forfeiture is final as to the defendant and shall be made part of the sentence and included in the judgment.

5. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary pursuant to Federal Rules of Criminal Procedure, Section 32.2(e).

IT IS SO ORDERED.

Dated: September 15, 2008

JAMES WARE
United States District Judge